IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOANN LEWIS, *et al.*,
on behalf of themselves and others
similarly situated,
        Plaintiffs,
v.                                                     Civil Action No. 3:14-cv-213-JAG

CITY OF RICHMOND, VIRGINIA,
        Defendant.

## MEMORANDUM OPINION

The Eleventh Amendment of the Constitution prohibits individuals from suing states in federal court.[1] The City of Richmond is not a state, its Department of Social Services is not a state, and therefore, the Eleventh Amendment does not protect them. For this reason, the Court denies the City's motion to dismiss this case on Eleventh Amendment grounds.

According to the amended complaint, the City of Richmond and its local Department of Social Services ("DSS") have underpaid social service workers, in violation of the Fair Labor Standards Act. The City has moved to dismiss this case, arguing that the Eleventh Amendment precludes suit in federal court.

### I. Discussion

*A. Richmond DSS operates as part of a municipality*

Unless waived, the Eleventh Amendment provides states with "immunity from suit in federal courts." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 279 (1977); *see* U.S. Const. amend. XI. "[T]he amendment applies only to 'one of the United States.'" *Ram Ditta v. Md. Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (quoting

---

[1] This is true unless a state waives its immunity or Congress waives immunity for the state.

U.S. Const. amend. XI). "It does not immunize political subdivisions of the state, such as municipalities and counties, even though such entities might exercise a 'slice of state power.'" *Ram Ditta*, 822 F.2d at 457 (quoting *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979)).

The Virginia Code requires each county and city within the Commonwealth to establish a local department of social services to administer state-mandated regulations. *See* Va. Code Ann. §§ 63.2-302, 63.2-313. Richmond DSS exists as a department of the City, not as an independent agency, authority, or partnership. (Pls.' Resp. Mot. Dismiss, Ex. E, Dk. No. 23-5.) The City employs caseworkers, case managers, and daycare workers who locally carry out state and federal welfare programs through Richmond DSS. (Am. Compl. ¶¶ 32–65.) As a municipality, the City does not enjoy Eleventh Amendment immunity. *See* Va. Code Ann. § 1-224.

### B. Richmond DSS does not function as an arm of the state

In addition to protecting states from suits in federal court, the Eleventh Amendment can also protect ostensibly local government agencies if "the state is the real party in interest." *Ram Ditta*, 822 F.2d at 457 (citations omitted). Under this approach, "[i]t is only necessary that the named party be the *alter ego* of the state." *Id.* In other words, courts ask whether an entity acts more like an arm of the state than it does a county or city. *See Mt. Healthy*, 429 U.S. at 280.

To make this determination, courts consider a two-prong test consisting of: (1) "whether a judgment against the governmental entity would have to be paid from the State's treasury," and (2) whether "the judgment would adversely affect the dignity of the State as a sovereign." *Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 223 (4th Cir. 2001) (citations omitted). The second prong includes three factors that the court must consider.

> (1) [T]he degree of control that the State exercises over the entity or the degree of autonomy from the State that the entity enjoys; (2) the scope of the entity's

2

concerns—whether local or statewide—with which the entity is involved; and (3) the manner in which State law treats the entity.

*Id* at 224. The facts of the present case do not support a finding of Eleventh Amendment immunity under either prong. *See id.* at 223.

### i. Prong One

The Virginia Code requires that "each county and city shall each year appropriate sums of money sufficient to provide for the payment of public assistance and to provide social services, including cost of administration." Va. Code Ann. § 63.2-400. The Commonwealth of Virginia reimburses local departments of social services for expenses associated with administering state and federal welfare programs. *See* Va. Code Ann. § 63.2-401. The Commonwealth may also reimburse local departments for costs associated with legal counsel, but the Commonwealth "shall not reimburse the local board for any expenses for which payment was available through an insurance policy currently in force." Va. Code Ann. § 63.2-317.

The defendant has not shown that a judgment in this case would burden the Commonwealth rather than the City. The City of Richmond's *Comprehensive Annual Finance Report* ("CAFR") states that the City self-insures against judgments and claims for the first $1.5 million and has insurance coverage for an additional $10 million. (Pls.' Resp. Mot. Dismiss, Ex. B, CAFR at 47, 69, Dk. No. 23-2.) For claims not covered by insurance, and claims that exceed insurance coverage, the City generally pays for these claims from its general fund. (*See* CAFR at 62, Dk. No. 23-2.) Accordingly, because the City would likely satisfy a judgment through its insurance or general fund, a judgment in this case would not burden the Commonwealth.

### ii. *Prong Two*

Failure to meet the first prong of the test "weighs against finding [the] entity immune. Nonetheless, the entity may still enjoy sovereign immunity if the judgment would adversely affect the dignity of the State as a sovereign." *Cash*, 242 F.3d at 224.

The first factor in the second prong, the degree of control that the state exercises over the entity or the degree of autonomy from the state that the entity enjoys, does not support a finding of immunity. The Virginia Department of Social Services ("Virginia DSS") provides local departments with administrative supervision, training, technical assistance, and program guidance. *See* Va. Code Ann. § 63.2-204. Local departments follow state-mandated welfare objectives. *See id.* The local department in each city or county then administers the welfare programs under the supervision and management of a local director. *See* Va. Code Ann. §§ 63.2-313, 63.2-324. Among his administrative responsibilities, the local director ensures that "the social service needs of the county or city [are] adequately met," demonstrating the local autonomy of the director. Va. Code Ann. § 63.2-334. In other words, the DSS operates like most government agencies. It receives general instruction from state law, but runs its programs on a local basis. Because local departments exercise considerable autonomy from the state, the first factor does not support a finding that Richmond DSS acted as an arm of the state.

The second factor, the scope of the entity's concerns—whether local or statewide—does not support a finding of immunity. As noted under the first factor, the local director supervises and manages the local departments. Additionally, each local department only administers welfare programs within its local county or city—not throughout the state. Accordingly, the second factor does not support that Richmond DSS acted as an arm of the state—local departments administer welfare programs locally rather than statewide.

Similarly, the third factor, the manner in which state law treats the entity, does not support a finding of immunity either. The General Assembly created Virginia DSS and local departments of social services in each city or county. *See* Va. Code Ann. §§ 63.2-200, 63.2-300. While Virginia DSS and local departments collaborate to fulfill the welfare needs of the Commonwealth, the local departments—organized under individual counties and cities—act as separate entities under Virginia law with a unique set of responsibilities. *See, e.g.,* Va. Code Ann. §§ 63.2-204, 63.2-300, 63.2-305(B), 63.2-313, 63.2-317, 63.2-326, 63.2-332. Virginia law treats local departments as separate entities from the state, organizing them under cities and counties; thus this factor does not support a finding of immunity.

In sum, this suit does not offend the dignity of the Commonwealth.

## II. Conclusion

For the reasons set forth above, the Court DENIES the defendant's motion to dismiss. (Dk. No. 18.)

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: August 8, 2014
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge